1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9

10   JESUS FLORES,                                          Case No. 1:13-cv-01130-SKO (PC)

11               Plaintiff,                                 SECOND SCREENING ORDER
                                                            DISMISSING ACTION, WITH PREJUDICE,
12        v.                                                FOR FAILURE TO STATE A CLAIM
                                                            UNDER SECTION 1983
13   D. SMILEY, et al.,
                                                            (Doc. 10)
14               Defendants.

15   _____/

16                                      **Second Screening Order**

17   **I.      Procedural History**

18          Plaintiff Jesus Flores, a state prisoner proceeding pro se and in forma pauperis, filed this

19   civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities

20   Act), and California law on July 22, 2013.  On May 9, 2014, the Court dismissed Plaintiff's

21   complaint, with leave to amend, for failure to state any claims.  On June 30, 2014, Plaintiff filed

22   an amended complaint alleging a claim under section 1983 for violation of the Eighth

23   Amendment.[1]

24   **II.     Screening Requirement and Standard**

25          The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in

26   part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. §

27

28   _____
     [1] Plaintiff expressly abandoned his ADA claim and he neither re-alleged his negligence claim nor alleged compliance
     with the Government Claims Act, which prohibits him from pursuing a negligence claim under California law.  *Shirk
     v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007).

1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.**   **Discussion**

    **A.**   **Plaintiff's Allegations**

Plaintiff, who is incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, brings this action against A. F. Alphonso, M.D., for violating his rights under the Eighth Amendment of the United States Constitution.  Plaintiff alleges that in 2009, he suffered a massive stroke which left him with a debilitating esophageal disorder called dysphagia.  Plaintiff's condition makes it extremely difficult for him to swallow food, drink liquid, or talk, and he carries around a pen and paper in order to communicate.  Plaintiff also has difficulty breathing, especially at night; he awakens three to four times a night choking, coughing, and gasping for air; and it hurts even attempting to talk.

1    Plaintiff alleges that although he was sent for an exam which revealed no throat

2  obstructions, that is not his medical issue and despite the seriousness of his condition, Defendant

3  Alphonso, his primary care provider, refuses to accommodate his request for a second opinion.

4  Plaintiff alleges that Defendant Alphonso is rude and disrespectful, and he tells Plaintiff there is

5  nothing further he can do.   Plaintiff alleges that "[t]o add insult to injury, he would order

6  [Plaintiff] Tylenol, which does absolutely nothing to ease [the] suffering."  (Amend. Comp., pp.

7  10-11.)

8        **B.      Medical Care Claim**

9    While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

10  care, the Eighth Amendment is violated only when a prison official acts with deliberate

11  indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.

12  2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir.

13  2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff

14  "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could

15  result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that

16  "the defendant's response to the need was deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122

17  (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).   Deliberate indifference is shown by "(a) a

18  purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm

19  caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).   The

20  requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of

21  due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at

22  1122.

23    Plaintiff's allegations support the existence of a serious medical need arising out of his

24  post-stroke esophageal dysphagia.   *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

25  However, Plaintiff's amended complaint is devoid of any specific facts which support his claim

26  that Defendant Alphonso is acting with deliberate indifference to his condition.[2]  Plaintiff's belief

27

28  [2] Plaintiff's original complaint was supported by exhibits, which Plaintiff omitted in his amended complaint.  As noted by the Court in its first screening order, these exhibits belie a claim that Plaintiff's medical needs are being disregarded.  *See Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th

1   that he is entitled to a second opinion and his disagreement with Defendant's decision to deny that

2   request do not support a claim under section 1983.  *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at

3   1122-23.

4   **IV.     Conclusion and Order**

5          Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

6   section 1983.  Plaintiff was previously given leave to amend to cure the deficiencies but he was

7   unable to do so, and based on the nature of the deficiencies, further leave to amend is not

8   warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

9   Accordingly, it is HEREBY ORDERED that:

10         1.      This action is DISMISSED, with prejudice, for failure to state a claim under section

11                 1983;

12         2.      The Clerk's Office shall enter judgment; and

13         3.      The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g).  *Silva v.*

14                 *Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

15

16  IT IS SO ORDERED.

17      Dated:   **February 19, 2015**                    **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27  Cir. 2014) ("A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same
    proceeding.'") (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).  The Court recognizes Plaintiff's
28  frustration with his significant medical issues, but his desire for a second opinion and his bare assertion that Defendant
    is acting with deliberate indifference do not support a claim for violation of the Eighth Amendment.